**E-Filed 9/2/2010**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| KAREN BETH YOUNG,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FACEBOOK, INC.,<br><br>　　　　　　Defendant. | Case Number 5:10-cv-03579-JF/PVT<br><br>ORDER[1] (1) DENYING MOTION TO PRESERVE EVIDENCE; (2) DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>[re: docket no. 10] |

　　　　On July 30, 2010, Plaintiff Karen Beth Young filed a complaint in the Superior Court of California against Defendant Facebook, Inc. alleging claims for violation of her First and Fourteenth Amendment rights, pursuant to 42 U.S.C. § 1983. On August 13, 2010, Defendant removed the action to this Court. On August 23, 2010, Plaintiff moved for an order to preserve evidence and for leave to proceed *in forma pauperis*.

　　　　Parties to a civil action in federal court are under a duty to preserve evidence that they know is relevant or reasonably could lead to the discovery of admissible evidence. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006). This obligation, backed by the court's power to

---

[1] This disposition is not designated for publication in the official reports.

impose sanctions for the destruction of such evidence, is sufficient in most cases to secure the preservation of relevant evidence. Before additional measures to preserve evidence are implemented, there must be some showing that there is reason for the court to be concerned that potentially relevant evidence is not being preserved and that the opposing party may be harmed as a result. *Jardin v. Datallegro, Inc.*, No. 08-cv-1462, 2008 U.S. Dist. LEXIS 67575 at *1, *2 (S.D. Cal. Sept. 3, 2008).

Plaintiff does not demonstrate why extraordinary preservation requirements are necessary to prevent the destruction of relevant evidence in the instant case. Absent such a showing, a preservation order would be premature. If, in the course of litigation, Defendant does not fully comply with its discovery obligations, Plaintiff may seek discovery sanctions or other remedies.

Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action *in forma pauperis* if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1). The court may deny *in forma pauperis* status, however, if it appears from the face of the proposed complaint that the action is frivolous or without merit. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Tripati v. First National Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

As presently drafted, the complaint appears to be without merit in that it fails to set forth a cognizable claim. Plaintiff's civil rights claims cannot be maintained because government action or involvement is necessary to maintain a claim pursuant to 42 U.S.C. § 1983, and no such action is alleged here. The remaining claims do not explain adequately how Plaintiff's rights have been violated and the legal basis upon which relief may be granted. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be denied without prejudice. If Plaintiff does not pay the filing fee on or before October 6, 2010, the Court will dismiss the action without prejudice.


**ORDER**

Accordingly, IT IS HEREBY ORDERED that (1) the motion to preserve evidence is DENIED, and (2) the motion to proceed *in forma pauperis* is DENIED without prejudice.

IT IS SO ORDERED.

DATED: 9/2/2010

_____
JEREMY FOGEL
United States District Judge

1  Copies of this Order have been served on the following persons:

2  Gary Evan Weiss gweiss@orrick.com, sdonlon@orrick.com

3  Julio Cesar Avalos javalos@orrick.com, adalton@orrick.com, kime@orrick.com

4  Thomas J. Gray tgray@orrick.com, vcloyd@orrick.com

5  Karen Beth Young
6  P.O. Box 2335
   San Jose, CA 95109
7

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4

Case No. 5:10-cv-03579-JF/PVT
ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED *IN FORMA PAUPERIS*
(JFLC3)