1

2                                                          **E-Filed 9/13/2010**

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                              **SAN JOSE DIVISION**

11

12   KAREN BETH YOUNG,                    Case Number 5:10-cv-03579-JF/PVT

13                       Plaintiff,       AMENDED[1] ORDER[2] (1) DENYING
                                          MOTION TO PRESERVE
14              v.                        EVIDENCE; (2) DENYING
                                          WITHOUT PREJUDICE
15   FACEBOOK, INC.,                      APPLICATION TO PROCEED *IN
                                          FORMA PAUPERIS*
16                       Defendant.

17                                        [re: docket no. 10]

18

19        On July 30, 2010, Plaintiff Karen Beth Young filed a complaint in the Superior Court of

20   California against Defendant Facebook, Inc. alleging claims for violation of her First and

21   Fourteenth Amendment rights, pursuant to 42 U.S.C. § 1983.  On August 13, 2010, Defendant

22   removed the action to this Court.  On August 23, 2010, Plaintiff moved for an order to preserve

23

24   _____

25        [1]    The original version of this order, issued on September 2, 2010, stated that the
     action would be dismissed unless Plaintiff paid the filing fee by October 6, 2010.  Plaintiff notes
26   correctly that Defendant removed this case from the Superior Court of California and therefore is
     responsible for the filing fee, which has been paid, *see* dkt.1.  The order dated September 2,
27   2010, is hereby amended to reflect that no fee is required from Plaintiff at this time.

28        [2]    This disposition is not designated for publication in the official reports.

1    evidence and for leave to proceed *in forma pauperis*.

2        Parties to a civil action in federal court are under a duty to preserve evidence that they

3    know is relevant or reasonably could lead to the discovery of admissible evidence.  *Leon v. IDX*

4    *Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006).  This obligation, backed by the court's power to

5    impose sanctions for the destruction of such evidence,  is sufficient in most cases to secure the

6    preservation of relevant evidence.  Before additional measures to preserve evidence are

7    implemented, there must be some showing that there is reason for the court to be concerned that

8    potentially relevant evidence is not being preserved and that the opposing party may be harmed

9    as a result.  *Jardin v. Datallegro, Inc.*, No. 08-cv-1462, 2008 U.S. Dist. LEXIS 67575 at *1, *2

10   (S.D. Cal. Sept. 3, 2008).

11       Plaintiff does not demonstrate why extraordinary preservation requirements are necessary

12   to prevent the destruction of relevant evidence in the instant case.  Absent such a showing, a

13   preservation order would be premature.  If, in the course of litigation, Defendant does not fully

14   comply with its discovery obligations, Plaintiff may seek discovery sanctions or other remedies.

15       Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil

16   action *in forma pauperis* if it is satisfied that the would-be plaintiff cannot pay the filing fees

17   necessary to pursue the action. 28 U.S.C. § 1915(a)(1).  The court may deny *in forma pauperis*

18   status, however, if it appears from the face of the proposed complaint that the action is frivolous

19   or without merit.  *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Tripati v. First*

20   *National Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

21       As presently drafted, the complaint appears to be without merit in that it fails to set forth

22   a cognizable claim.  Plaintiff's civil rights claims cannot be maintained because government

23   action or involvement is necessary to maintain a claim pursuant to 42 U.S.C. § 1983, and no such

24   action is alleged here.  The remaining claims do not explain adequately how Plaintiff's rights

25   have been violated and the legal basis upon which relief may be granted.  Accordingly,

26   Plaintiff's request to proceed *in forma pauperis* will be denied without prejudice.

27

28

1

**ORDER**

2          Accordingly, IT IS HEREBY ORDERED that (1) the motion to preserve evidence is

3    DENIED, and (2) the motion to proceed *in forma pauperis* is DENIED without prejudice.

4

5

6    IT IS SO ORDERED.

7

8    DATED: 9/13/2010

9

10    _____

11    JEREMY FOGEL
      United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:10-cv-03579-JF/PVT
ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED *IN FORMA PAUPERIS*
(JFLC3)

1

Copies of this Order have been served on the following persons:

2

Gary Evan Weiss gweiss@orrick.com, sdonlon@orrick.com

3

Julio Cesar Avalos javalos@orrick.com, adalton@orrick.com, kime@orrick.com

4

Thomas J. Gray tgray@orrick.com, vcloyd@orrick.com

5

Karen Beth Young

6

P.O. Box 2335
San Jose, CA 95109

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:10-cv-03579-JF/PVT
ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED *IN FORMA PAUPERIS*
(JFLC3)